UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM A. FLETCHER, et al.,<br><br>        Defendants. | Case No. 23-cv-06014-AMO (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN; REOPENING CASE; AND DIRECTING PLAINTIFF TO PAY THE FULL FILING FEE OR FILE A COMPLETED** *IN FORMA PAUPERIS* **APPLICATION**<br><br>Re: Dkt. No. 17 |

## I.   INTRODUCTION

This closed federal civil rights action was filed by Lacey Sivak, a state prisoner who is representing himself.  On February 5, 2024, the Court concluded that dismissal was merited because Sivak failed to submit a timely application for leave to proceed *in forma pauperis* ("IFP") or pay the full filing by the twenty-eight-day deadline as set by the notice sent by the Clerk of the Court on November 20, 2023.  Dkt. 15 at 1.  Sivak has filed a motion to reopen, which the Court construes as a motion for relief from the Court's February 5 Order under Rule 60(b) of the Federal Rules of Civil Procedure.  Dkt. 17.  For the reasons outlined below, the Court determines that the motion for relief should be **GRANTED.**

## II.   DISCUSSION

Where the district court's ruling has resulted in a final judgment or order, a party make seek relief from that final judgment or order under Rule 60(b).  Rule 60(b) provides that a court may grant the motion where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Sivak contends that he did not receive a copy of the Clerk's November 20, 2023 notice

informing him that his action could not go forward until he paid the full filing fee or filed a completed IFP application by the twenty-eight-day deadline. Dkt. 17 at 3-6. As mentioned above, the Court had dismissed this action because Sivak failed to timely respond to the Clerk's November 20, 2023 notice. *See* Dkt. 15. The record now reveals that Sivak's failure to respond to the Clerk's notice was because he *never* received such notice. *See* Dkt. 17 at 3-6. Pursuant to Rule 60(b)(1), the Court finds that such allegations are sufficient to relieve Sivak from its Order dismissing the case, as well as the Judgment entered against him. *See* Fed. R. Civ. P. 60(b)(1).

Accordingly, the instant motion for relief from an order is **GRANTED**. However, before the Court can proceed to review this action, Sivak is hereby **ORDERED** to pay the filing fee in full or to file a completed application to proceed IFP using the enclosed form, as directed below.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Sivak's motion to reopen, which has been construed as a motion for relief from an order, is **GRANTED.** Dkt. 17. The Clerk shall **REOPEN** this action, **VACATE** the Court's February 5, 2024 Order of Dismissal Without Prejudice as well as the Judgment entered against him, and **REINSTATE** the petition for writ of mandamus filed on November 20, 2023.

2. Sivak is **ORDERED** to pay the filing fee in full or to file a completed application to proceed IFP using the enclosed form. Sivak shall do so within **twenty-eight (28) days** of the date of this Order. **Failure to pay the full filing fee or submit a completed IFP application by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice.**

3. The Clerk shall send Sivak a blank prisoner IFP application along with a copy of this Order.

4. This Order terminates Docket No. 17.

**IT IS SO ORDERED.**

Dated: June 11, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**